The cause was tried before Norwood, J., at ORANGE, on the last circuit, when the plaintiff having proved that the horse was advertised for the season at five dollars, and that the defendant's mare was put to him for that period, the defendant proved a special agreement with the groom whereby he was to pay but three dollars and fifty cents, and offered some evidence of a custom among the keepers of horses whereby the grooms were permitted to alter the advertised prices.
(245) His Honor informed the jury that if it was the custom for grooms to make special contracts with the owners of mares, they might from the evidence in the cause presume the agency of the groom, and in that event the plaintiff would be bound by the agreement between his groom and the defendant.
A verdict was returned for the defendant, and the plaintiff appealed.
The terms which the plaintiff held out to the public were notorious. There is no complaint that the defendant was ignorant of them. The employment of the agent did not lead him into contact with those terms; it had no relation to them. He had no right to alter them in whole or in part. If the defendant and the agent made a contract in contravention of them, it must have been understood, or ought to have been understood, that it was not obligatory without the assent of the employer.
But a custom sanctioning this agreement with the agent has been relied upon. I imagine it would be very difficult to prove such a custom. Instances of such secondary contracts may have happened and been connived at, but such instances fall far short of establishing a custom which is to be considered generally obligatory. There is no necessity in this case to presume that an implied power was given by the employer to the agent to alter the terms held out to the public. If the employer had thought proper to confer such a power he could easily have expressed it. This is not like the case of a salesman behind the counter. He is identified with his employer. He acts in the room and place of his employer in selling goods. He is placed there for that purpose, and his employer is bound by his acts. But a principal is not bound by a regulation entered into by his agent, unless it come within the scope of a delegated authority.